IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BRIDGES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-99-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Michael Bridges ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

### I.    BACKGROUND

On December 18, 2013, Petitioner was charged by Indictment in Randall County, Texas, with possession of up to one gram of a controlled substance, methamphetamine, in a drug-free zone, with two enhancements resulting from prior felony convictions for driving while intoxicated. (ECF 11-24 at 338–39).[1] On February 18, 2014, and February 19, 2014, Petitioner's criminal case was tried before a jury in the 251st District Court of Randall County, Texas, under Cause No. 24,140-C, and the jury found Petitioner guilty of the offense charged. (ECF 11-5 at 135; 11-24 at 346–47). On February 19, 2014, the jury sentenced Petitioner to 65 years imprisonment in the Texas Department of Criminal Justice ("TDCJ"), Institutional Division (ECF 11-2 at 352), and the

---

[1] The Court's citations are to the CM-ECF electronic page numbers.

state trial court accepted the jury's verdict and sentence, then entered a corresponding judgment. (ECF 11-6 at 66-68; 11-24 at 353–54).

Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. On December 14, 2014, the Court of Appeals for the Seventh District of Texas affirmed the trial court's judgment of conviction. *Bridges v. State*, 454 S.W.3d 87 (Tex. App.—Amarillo 2014, pet. ref'd). (ECF 11-11 at 1; 11-12 at 1–5). On January 15, 2015, the Court of Appeals for the Seventh District of Texas overruled Petitioner's request for rehearing. (ECF 11-13 at 1). On March 18, 2015, the Texas Court of Criminal Appeals refused discretionary review. *Bridges v. State*, No. PD-0162-15. (ECF 11-1 at 1). On January 22, 2019, Petitioner filed a post-conviction state habeas corpus application challenging his conviction. (ECF 11-15 at 1–19). On March 20, 2019, the Texas Court of Criminal Appeals denied Petitioner's application without written order. (ECF 11-16 at 1).

On May 30, 2019, Petitioner filed an application for habeas corpus relief in this Court. (ECF 1).[2]

## II.   STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[2] A federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

      States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

### III. RESPONSIVE PLEADINGS

On July 23, 2019, Respondent filed a Preliminary Answer asserting Petitioner's federal habeas petition should be dismissed as time barred. (ECF 9). The answer briefed the applicable statutory and case law regarding the one-year statute of limitations in federal habeas corpus cases, as well as the possibilities of statutory and equitable tolling of the limitations period. Respondent also set forth relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. (*Id.*). On August 14, 2019, Petitioner filed a reply. (ECF 13).

### IV. ANALYSIS

The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on March 18, 2015. *Bridges v. State*, No. PD-0162-15. Petitioner did not file a petition for certiorari in the Supreme Court. His conviction, therefore, became final ninety days later, on June 16, 2015, when the time for seeking further direct review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Sup. Ct. R. 13. Thus, Petitioner's

federal petition was due one year later, on June 16, 2016, absent statutory tolling. 28 U.S.C. § 2244(d).

Petitioner does not satisfy any of the exceptions to the statute of limitations in 28 U.S.C § 2244(d). The record does not indicate that any unconstitutional state action prevented Petitioner from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Petitioner asserts in conclusory fashion that he was prevented from filing because he was mentally damaged, depressed, and had a severe mental breakdown at some point due to the State's actions. (*See* ECF 1 at 19; 8 at 3–4). Without evidence in the record, however, the court cannot consider a habeas petitioner's naked assertions on a critical issue in his *pro se* petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971)). Because Petitioner fails to prove mental incompetence caused by the state during the applicable time period, he has not demonstrated that he is entitled to an alternate commencement date. Additionally, Petitioner's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Petitioner has not shown that any factual predicate of his claim was unknown or could not have been discovered with due diligence prior to the time his conviction became final. 28 U.S.C. § 2244(d)(1)(D).

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2). Petitioner's state habeas application, filed January 22, 2019, did not toll the limitations period because it was filed after the limitations period expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding state habeas application filed after expiration of federal limitations period does not toll limitations period). Accordingly, Petitioner is not entitled to statutory tolling under section 2244(d)(2).

4

Petitioner's federal petition was due on June 16, 2016. He did not file his petition in this Court until May 30, 2019. Thus, Petitioner's federal habeas petition is time barred.

## V. EQUITABLE TOLLING

The one-year statute of limitations applicable to federal habeas petitions is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) he has pursued his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from timely filing a petition. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016). Equitable tolling applies to the one-year limitations period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810–11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). "The petitioner bears the burden of establishing that equitable tolling is warranted." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

As Respondent correctly notes, "nothing in the record suggests that the State actively mislead [Petitioner] about his case or prevented him from asserting his rights." (ECF 9 at 9). Further, while Petitioner asserts he is entitled to equitable estoppel because of his alleged mental damage and breakdown, the Court finds Petitioner fails to demonstrate incompetence that had an

5

impact on his ability to file timely. Although mental incompetency might support equitable tolling, a petitioner must still show that the mental illness prevented him from pursing his legal rights during the limitations period. *Fisher v. Johnson*, 174 F.3d 710, 715–16 (5th Cir. 1999). In this case, Petitioner's conclusory claim does not meet his burden to show equitable tolling is warranted because of mental illness that prevented him from pursing his legal rights during the limitations period. Petitioner provides no evidence to support his claim.

Moreover, the fact that a petitioner may have had mental problems in the past is insufficient, without more, to warrant a finding of incompetency in fact. *See Bouchillon v. Collins*, 907 F.2d 589, 593 (5th Cir. 1990) ("Not all people who have a mental problem are rendered by it legally incompetent."); *McCune v. Estelle*, 534 F.2d 611, 612 (5th Cir. 1976) (lifelong history of severe mental deficiency not equated with mental incompetency to stand trial). In short, Petitioner does not meet the test for showing mental incompetency at any point in time, much less during the limitations period.

The Court also rejects Petitioner's assertion that his lack of legal knowledge and failure to have appointed counsel should excuse him from the one-year statute of limitations. First, a petitioner has no constitutional right to counsel for any habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In addition, "proceeding pro se is not a rare and exceptional circumstance" that warrants equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (internal quotation marks omitted). And, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714; *Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir.1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Moreover, for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman*, 184 F.3d at 403. "[E]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 713 (citation omitted). In this case, given the time that elapsed between Petitioner's 2014 conviction and his first state habeas application in 2019, the Court cannot conclude Petitioner was diligent in asserting his rights. Equitable tolling, therefore, is not warranted, and Petitioner's claims concerning his conviction should be dismissed with prejudice as untimely.

## VI.   ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998) (citation omitted).

"New evidence" is evidence that was not presented at trial, and remained unknown to the prosecution, defense, and fact finder throughout the trial. *Floyd v. Vannoy*, 894 F.3d 143, 156 (5th Cir. 2018) (citing *Schlup*, 513 U.S. at 339); *see also Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as new . . . if it was always within the reach of [petitioner's]

7

personal knowledge or reasonable investigation.") (internal punctuation and citation omitted); *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (per curiam) ("[I]nformation . . . known by and available to [the petitioner] and trial counsel at or before trial . . . did not qualify as new evidence for purposes of *Schlup*[.]")

Here, Petitioner fails to provide any "new evidence." *See Floyd*, 894 F.3d at 156; *Hancock*, 906 F.3d at 390; *Tyler*, 768 F. App'x at 265. Further, he has not demonstrated that it was more likely than not that, in light of the "new evidence," no reasonable fact finder would have found him guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27.

Accordingly, the Court finds Petitioner's assertion of actual innocence unavailing. His petition, therefore, must be dismissed as untimely.

## VII.   RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed July 23, 2019 (ECF 9), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner MICHAEL BRIDGES be DISMISSED with prejudice.

## VIII.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 11, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).